Ameer Benno, Esq.
BENNO & ASSOCIATES P.C.
30 Wall Street, 8th Floor
New York, NY 10005
Tel.: (212) 227-9300
abenno@ameerbenno.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGNIESZKA ROSZKO, | Case No.:   15-CV-4247 |
| Plaintiff, | |
| vs. | COMPLAINT |
| P.O. JASON KLEINMAN (SHIELD # 16331), SERGEANT JASON BERKOWITZ (SHIELD # 95), P.O. RAHIMULLAH MASHRIQI (SHIELD # 13315), AND "JOHN DOES" 1 THROUGH 5, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff, by and through her undersigned attorney, alleges as follows:

**PRELIMINARY STATEMENT**

1.   Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 1988, for violation of her civil rights and liberties under federal statutes and the United States Constitution, including but not limited to violations of her rights under the Fourth and Fourteenth Amendments.

**JURISDICTION**

2.   This Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C §§ 1331, 1343(a), (3), and (4).

**VENUE**

3.   Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

COMPLAINT - 1

**JURY TRIAL DEMANDED**

4.     Plaintiff demands trial by jury of all issues properly triable thereby.

**THE PARTIES**

5.      Plaintiff is a citizen of the City and State of New York.

6.     That at all times herein mentioned, the City of New York (hereinafter "City") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7.     That at all times herein mentioned, the City operated, controlled and maintained a police force known as the New York City Police Department ("hereinafter "NYPD").

8.     At all times herein mentioned, defendant P.O. JASON KLEINMAN (Shield # 16331) (hereinafter, "KLEINMAN") was and is an NYPD officer employed by CITY.

9.      At all times herein mentioned, defendant KLEINMAN was acting within the course and scope of his employment with CITY.

10.     At all times herein mentioned, defendant KLEINMAN was acting under color of state law.

11.     Defendant KLEINMAN is sued in his official and individual capacities.

12.     At all times herein mentioned, defendant SERGEANT JASON BERKOWITZ (Shield # 95) (hereinafter, "BERKOWITZ") was and is an NYPD officer employed by CITY.

13.     At all times herein mentioned, defendant BERKOWITZ was acting within the course and scope of his employment with CITY.

14.     At all times herein mentioned, defendant BERKOWITZ was acting under color of state law.

15.     Defendant BERKOWITZ is sued in his official and individual capacities.

COMPLAINT - 2

16. At all times herein mentioned, defendant P.O. RAHIMULLAH MASHRIQI (Shield # 13315) (hereinafter, "MASHRIQI") was and is an NYPD officer employed by CITY.

17. At all times herein mentioned, defendant MASHRIQI was acting within the course and scope of his employment with CITY.

18. At all times herein mentioned, defendant MASHRIQI was acting under color of state law.

19. Defendant MASHRIQI is sued in his official and individual capacities.

20. At all times herein mentioned, defendants "JOHN DOES" 1 through 5 (names being fictitious and presently unknown)(hereinafter, "DOES 1-5") were and are NYPD officers employed by CITY.

21. At all times herein mentioned, defendants DOES 1-5 were acting within the course and scope of their employment with CITY.

22. At all times herein mentioned, defendants DOES 1-5 were acting under color of state law.

23. Defendants DOES 1-5 are sued in their official and individual capacities.

24. At all relevant times herein, the individual defendants acted jointly and in concert with each other.

25. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants, but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## FACTUAL BACKROUND

26. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

COMPLAINT - 3

27. At approximately 7:30 p.m. on February 3, 2013, plaintiff was lawfully within a Century 21 department store located at 61-35 Junction Boulevard, Rego Park, NY (hereinafter "the premises," "the subject premises," "the store," or "the subject store"), in the County of Queens, City and State of New York for the purpose of shopping for clothing.

28. Plaintiff selected certain items of clothing to purchase, brought those items to the checkout counter, and presented the clothing to the cashier.

29. The store's employees then accused plaintiff of having switched the price tags on articles of clothing in order to purchase certain items for less money than they actually cost.

30. Plaintiff insisted that she had done no such thing, and maintained her innocence.

31. When plaintiff would not admit to having done the larcenous act that the store employees were accusing her of, the store employees called for police officers to come to the store.

32. Thereafter, defendants KLEINMAN, BERKOWITZ, MASHRIQI, and DOES 1-5 arrived at the subject store and arrested plaintiff without asking any questions, without making any inquiry or investigation whatsoever, and without even ascertaining from anyone what the factual allegations were against plaintiff.

33. In placing the handcuffs on plaintiff, defendants KLEINMAN, BERKOWITZ, MASHRIQI, and DOES 1-5 pulled plaintiff's arms behind her back using more force than was reasonably necessary, causing injury to plaintiff.

34. Defendants KLEINMAN, BERKOWITZ, MASHRIQI, and DOES 1-5 also affixed the handcuffs on plaintiff with gratuitous force and made them excessively tight, despite the lack of any objectively reasonable basis to have done so.

COMPLAINT - 4

35. Despite plaintiff's complaints that the handcuffs were too tight and were causing her pain, defendants refused to loosen the handcuffs and kept the excessively tight handcuffs on plaintiff for an extended period of time, causing plaintiff to suffer injury.

36. After handcuffing plaintiff in such manner, defendants KLEINMAN, BERKOWITZ, MASHRIQI, and DOES 1-5 forcefully pushed plaintiff into a police vehicle, for transport to the stationhouse. In so doing, defendants KLEINMAN, BERKOWITZ, MASHRIQI, and DOES 1-5 manipulated plaintiff's arms and shoulders with an unnecessary and an objectively unreasonable degree of force, causing plaintiff's arms to be and to remain for an extended period of time bent and contorted in unnatural, painful, and injurious ways, and causing plaintiff to suffer injury.

37. Plaintiff was transported to a nearby police precinct by NYPD officers, including defendants KLEINMAN, BERKOWITZ, MASHRIQI, and DOES 1-5. Again, defendants KLEINMAN, BERKOWITZ, MASHRIQI, and DOES 1-5 ignored plaintiff's complaints of physical pain and repeated pleas to loosen her handcuffs.

38. Due to the manner in which defendants KLEINMAN, BERKOWITZ, MASHRIQI, and DOES 1-5 had physically positioned plaintiff in the police vehicle, plaintiff's arms were still contorted in the aforementioned unnatural, painful, and injurious way when the police vehicle arrived at the precinct, and plaintiff's arms were still secured behind plaintiff's back by handcuffs that remained excessively tight upon plaintiff's wrists.

39. Upon arriving at the precinct, defendants KLEINMAN, BERKOWITZ, MASHRIQI, and DOES 1-5 forcefully removed plaintiff from the police vehicle by pulling on her arms with an objectively unreasonable and gratuitous degree of force, causing injury to plaintiff.

COMPLAINT - 5

40. As a direct and proximate result of the aforementioned actions of all defendants, plaintiff sustained severe personal injuries, endured and continues to endure emotional pain and suffering and a loss of enjoyment of life, and has otherwise been damaged.

### DAMAGES

41. That by reason of the foregoing, and as a result of the aforesaid actions and/or omissions of defendants, plaintiff was severely injured, bruised, wounded, suffered, still suffers and will continue to suffer for some time, great physical pain and serious and severe bodily and mental injuries and mental anguish and has become sick, sore, lame and disabled and will remain so permanently and/or for a considerable length of time.

42. That by reason of the foregoing, and as a result of defendants' aforesaid actions, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform her normal activities, duties and vocation and has sustained a resultant loss therefrom, including medical expenses and other related expenses.

43. That by reason of the foregoing, and as a result of defendants' aforesaid actions, plaintiff is informed and verily believes that her aforesaid injuries are permanent and she will permanently suffer from the effects of their aforesaid injuries and she will be caused to suffer permanent embarrassment and continuous pain, suffering, inconvenience and loss of enjoyment of life.

COMPLAINT - 6

## FIRST CLAIM - AGAINST ALL DEFENDANTS

### (**Excessive Force Claim Under 42 U.S.C. § 1983**)

44. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

45. Defendants, acting in concert and within the scope of their employment and authority, used objectively unreasonable force against plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM - AGAINST ALL DEFENDANTS

### (**Failure to Intervene Under 42 U.S.C. § 1983**)

46. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

47. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's right under the Fourth and Fourteenth Amendments to the United States Constitution.

\*     \*     \*

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all the defendants:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages in an amount to be determined at trial;

c. Attorney's fees pursuant to 42 U.S.C. § 1988;

d. An award of plaintiff's costs of suit;

e. Pre-judgment and post-judgment interest;

f. Such other relief as this Court deems just and proper.

Dated this 20th day of July, 2015

_/s/ Ameer Benno_
Ameer Benno, Esq.

BENNO & ASSOCIATES P.C.
30 Wall Street, 8th Floor
New York, NY 10005
Tel.: (212) 227-9300

Attorneys for Plaintiff